UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MIGUEL FERNANDO TAPIA LAZARO
(A No. 213-209-155),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE
ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-03786-JLT-EGC

ORDER WITHDRAWING THE REFERENCE
OF THIS MATTER TO THE MAGISTRATE
JUDGE; GRANTING PETITION FOR WRIT
OF HABEAS CORPUS; AND DIRECTING
RESPONDENTS TO PROVIDE A
SUBSTANTIVE BOND HEARING

(Doc. 1.)

Miguel Fernando Tapia Lazaro is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (*See* Doc. 6.) In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

I.      FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Mexico. On April 21, 2021, Petitioner applied for admission into the United States at San Ysidro, California and taken into custody be federal immigration officials. (Doc. 8-1 at 3.) Petitioner was placed on the Alternative to Detention program Intensive Supervision Appearance Program (ISAP) and released on an Order of Recognizance. (*Id.*) On

May 12, 2021, Petitioner was issued a Notice to Appear and charged pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (Doc. 8-2.) On November 24, 2023, Petitioner was arrested for violation of (1) Penal Code 243(E)(i) -- Battery on spouse/ex-spouse/date; (2) Penal Code -- False Imprisonment; (3) Penal Code 591.5 -- Damage/Etc Wireless Comm Device; and (4) Penal Code 273A(A) --  Child Abuse W/ Possible GBI/ Death. (*See* Doc. 8-3, FBI "RAP" Sheet.) The disposition of these charges is unknown. (*Id*.) On September 26, 2024, Petitioner was convicted of violating California Vehicle Code § 23103.5 — "Wet Reckless." (*Id*.) He was sentenced to 12 months' probation and ordered to pay a fine. (*Id*.) Conviction relief was granted on October 10, 2025. (*Id*.)  On January 24, 2026, Petitioner was arrested for violating Penal Code 243(E)(1) --  Battery on spouse/ex-spouse/date etc. (*Id*.)  The disposition of this arrest is unknown. On January 28, 2026, Petitioner was detained by ICE during a routine check-in at the ICE ERO sub office in Fresno, California. (Doc. 8-1 at 2.) He remains in custody at the Golden State Annex Detention Facility in McFarland, California.

On May 18, 2026, Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (*See* generally, Doc. 1.) On June 9, 2026, Respondents filed a response to the Petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (See generally, Doc. 8.)

## II.     LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.     DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing

before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (*See generally,* Doc. 1.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225 of the INA and therefore categorically ineligible for a bond hearing. (*See generally,* Doc. 8.)

Courts nationwide, including this one, have rejected Respondents' new legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

### IV.   CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**;

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*,

872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner;

3. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing;

4. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **June 12, 2026**

UNITED STATES DISTRICT JUDGE

4